UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ERIC CARL OPITZ,

    Plaintiff,

  v.

ST. LUKE'S UNIVERSITY HEALTH
NETWORK, et al.,

    Defendants.

Civil Action No. 18-12181 (MAS) (TJB)

**MEMORANDUM ORDER**

  This matter comes before the Court upon correspondence from the parties (ECF Nos. 22, 23, 24) in response to the Court's Order to Show Cause (ECF No. 21). After careful consideration of the parties' submissions, as well as other good cause shown and the Court's inherent power to control the matters on its docket, the Court dismisses Plaintiff's Amended Complaint. (ECF No. 6.)

  Defendants St. Luke's University Health Network ("St. Luke's University") and St. Luke's Warren Hospital, Inc. ("St. Luke's Warren") (collectively, "Defendants") moved to dismiss (ECF Nos. 8, 15) Plaintiff's Amended Complaint (ECF No. 6). Plaintiff opposed the Motions, (ECF Nos. 10, 19), and Defendants replied (ECF Nos. 11, 20). Subsequently, the Court terminated those Motions, and issued an Order to Show Cause that required Plaintiff to demonstrate why the Court should not dismiss the action for lack of subject matter jurisdiction. (Order to Show Cause ("OTSC"), ECF No. 21.) The Court also allowed Defendants to reply. (*Id.*)

  Plaintiff filed responsive correspondence that concedes "the Amended Complaint, as written, does not support this Court's subject matter jurisdiction . . . ." (Pl.'s Correspondence, ECF No. 22.) Defendants also filed responsive correspondence that agrees the Court lacks subject

matter jurisdiction, but requests the Court dismiss the matter after determining whether St. Luke's Warren is a party-in-interest and whether the addition of that party relates back to Plaintiff's filing of the original complaint. (Defs.' Correspondence 4, ECF No. 23.) *See also* Fed. R. Civ. P. 15(c) (discussing relation back of amendments).

Because the Court does not have subject matter jurisdiction over this matter, the Court declines to perform a relation-back or party-in-interest analysis. *See e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("[W]hen [jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). The Court, therefore, dismisses Plaintiff's Amended Complaint (ECF No. 6) based upon a lack of subject matter jurisdiction. Accordingly,

IT IS on this 19th day of June 2019, **ORDERED** that:

1. Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED**.
2. The Clerk of Court shall **CLOSE** this matter.
3. By July 22, 2019, Plaintiff may file a Second Amended Complaint that sets forth a valid basis of jurisdiction. If Plaintiff files a Second Amended Complaint **by July 22, 2019**, the Court will direct the Clerk to reopen the matter.

                                        /s/ Michael A. Shipp
                                        **MICHAEL A. SHIPP**
                                        **UNITED STATES DISTRICT JUDGE**